1  GIANDOMINIC VITIELLO (SBN 262244)
2  gdvitiello@kvklawyers.com
   YELENA KATCHKO (SBN 262438)
3  ykatchko@kvklawyers.com
4  **KATCHKO, VITIELLO & KARIKOMI, PC**
   11500 W. Olympic Blvd., Suite 400
5  Los Angeles, CA 90064
6  Tel.: (310) 943-9587
   Fax: (310) 444-3001
7

8  Attorneys for Plaintiffs
   Gonzalo Garcia and Patricia Garcia
9



10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13

14  GONZALO GARCIA, PATRICIA         Case No: 5:12-cv-01770-JAK-DTB
    GARCIA, as,
15                                    **VERIFIED FIRST AMENDED**
                                      **COMPLAINT FOR:**
16              Plaintiffs,
                                      **1. BREACH OF CONTRACT**
17          v.                        **2. UNJUST ENRICHMENT**
                                      **3. PROMISSORY ESTOPPEL**
18  OCWEN LOAN SERVICING, LLC;        **4. CANCELLATION OF**
    JP MORGAN CHASE BANK, N.A.,          **INSTRUMENT**
19  f/k/a CHASE HOME FINANCE,         **5. QUIET TITLE**
    LLC; QUALITY LOAN SERVICE         **6. VIOLATIONS OF CAL. BUS. &**
20  CORPORATION; MARY COOK an            **PROF. CODE §§17200 ET SEQ**
    individual; LATRESA D. PAYNE an
21  individual; and DOES 1 THROUGH    **DEMAND FOR JURY TRIAL**
    10 INCLUSIVE,
22                                    [Assigned to the Honorable John A.
23              Defendants.           Kronstadt in Dept. 750]

                                      [Action filed 10/16/2012]

24      Plaintiffs GONZALO GARCIA and PATRICIA GARCIA (hereinafter

25  "Plaintiffs GARCIA") based on personal knowledge as to their own conduct and

26  actions, and based upon information and belief as to all others, hereby allege the

27  following:

28

GIANDOMINIC VITIELLO (SBN 262244)
gdvitiello@kvklawyers.com
YELENA KATCHKO (SBN 262438)
ykatchko@kvklawyers.com
**KATCHKO, VITIELLO & KARIKOMI, PC**
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064
Tel.: (310) 943-9587
Fax: (310) 444-3001

Attorneys for Plaintiffs
Gonzalo Garcia and Patricia Garcia

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GONZALO GARCIA, PATRICIA GARCIA, as,<br><br>Plaintiffs,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC; JP MORGAN CHASE BANK, N.A., f/k/a CHASE HOME FINANCE, LLC; QUALITY LOAN SERVICE CORPORATION; MARY COOK an individual; LATRESA D. PAYNE an individual; and DOES 1 THROUGH 10 INCLUSIVE,<br><br>Defendants. | Case No: 5:12-cv-01770-JAK-DTB<br><br>**VERIFIED FIRST AMENDED COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **UNJUST ENRICHMENT**<br>3. **PROMISSORY ESTOPPEL**<br>4. **CANCELLATION OF INSTRUMENT**<br>5. **QUIET TITLE**<br>6. **VIOLATIONS OF CAL. BUS. & PROF. CODE §§17200 ET SEQ**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[Assigned to the Honorable John A. Kronstadt in Dept. 750]<br><br>[Action filed 10/16/2012] |

Plaintiffs GONZALO GARCIA and PATRICIA GARCIA (hereinafter "Plaintiffs GARCIA") based on personal knowledge as to their own conduct and actions, and based upon information and belief as to all others, hereby allege the following:

# GENERAL ALLEGATIONS

1.  Plaintiffs GARCIA are, and at all times relevant hereto were, married individuals residing in the county of Los Angeles, State of California.

2.  Defendant OCWEN LOAN SERVICING, LLC (hereinafter "Defendant OCWEN") is, and at all times relevant hereto was, a Delaware limited liability company actively conducting business within the state of California, county of Los Angeles.  Defendant OCWEN was the purported loan servicer at the time of the wrongfully conducted foreclosure of the property subject of this action, as more fully described herein.

3.  Defendant JP MORGAN CHASE BANK f/k/a CHASE HOME FINANCE (hereinafter "Defendant CHASE") is, and at all times relevant hereto was, a New York corporation actively conducting business within the state of California, county of Los Angeles.  Defendant CHASE is the originator and former servicer of the mortgage secured by the property subject of this action, as more fully described herein.

4.  Defendant QUALITY LOAN SERVICE CORPORATION (hereinafter "Defendant QUALITY") is, and at all times relevant hereto was, a California corporation.  Defendant QUALITY is the foreclosure trustee for Defendant CHASE and, acting as an agent of Defendant CHASE, has improperly initiated foreclosure proceedings against the subject property as more specifically alleged herein.

5.  Defendant DEUTSCHE BANK NATIONAL TRUST COMPANY, AS TRUSTEE FOR MORGAN STANLEY ABS CAPITAL I INC. TRUST 2003-HE3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2003-HE3 (hereinafter "Defendant DEUTSCHE") is hereby substituted as DOE 1.  At all material times Defendant DEUTSCHE was a Delaware corporation actively conducting business in the state of California, county of Los Angeles.  At all times material, Defendant DEUTSCHE  has been the beneficiary to the underlying mortgage.

2

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

6.      The true names and capacities of defendants sued herein as DOE Defendants are presently unknown to Plaintiff who therefore sues under these fictitious names.  Upon ascertainment of the true names and capacities of these DOE Defendants, Plaintiffs will seek leave to amend this Complaint to allege the same.  Plaintiffs are informed and based thereon allege that DOE Defendants, and each of them, were and/or are, in some manner or way, responsible for and liable to Plaintiffs for the events, happenings, and damages hereinafter set forth below.

7.      Plaintiffs are informed and believe and based thereon allege that at all times relevant hereto each of the Defendants was the agent, servant, employee, subsidiary, affiliate, partner, assignee, successor-in-interest, alter ego or other representative of each of the remaining Defendants and was acting in such capacity in doing the things herein complained of and alleged.

8.      Plaintiffs GARCIA are entitled to continued possession and ownership of a parcel of real property commonly known as 8383 Bermuda Court, City of Fontana, State of California 92335 (hereinafter the "subject property") which is the subject of this action and described as:

> **LOT 69 OF TRACT 15664, IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 261 PAGES 66, 67 AND 68 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPTING THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES BELOW A DEPTH OF 500 FEET, WITHOUT RIGHTS OF SURFACE ENTRY, AS RESERVED IN INSTRUMENTS OF RECORD.**

9.      The matter concerns a massive scheme of fraudulent, deceptive, unlawful, deceitful, and negligent business practices being carried out by Defendants CHASE and OCWEN related to the foreclosure of multiple California real properties in addition to the subject property.  Specifically, Defendants

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

3

1   CHASE and OCWEN improperly fail to acknowledge and abide by the terms of

2   loan modification agreements entered into with distress borrowers seeking

3   mortgage relief amidst the overwhelming national financial crisis.  Defendant

4   CHASE and OCWEN's breach of these agreements and refusal to acknowledge

5   their terms and binding effect is the byproduct of willful fraud and deceit.

6          10.    On or around June 24, 2003, Plaintiffs GARCIA purchased the

7   subject property through a first position mortgage originated by a third-party

8   mortgage broker who is unnamed in this action.

9          11.    At some point thereafter, Defendant CHASE began servicing the

10   mortgage secured by the subject property.

11          12.    At the beginning of 2009, in response to the plummeting economic

12   strength of the state of California, and particularly the city of Los Angeles,

13   Plaintiffs GARCIA were stricken with a severe downturn in available household

14   finances.  Still, however, Plaintiffs continued to maintain a strong track record of

15   timely payments due under the mortgage until December of 2009.

16          13.    On or around December 9, 2009, privy to publicized government

17   programs which encouraged lending institutions to modify unaffordable loans for

18   borrowers suffering substantial financial hardship, Plaintiffs GARCIA unilaterally

19   and with no contact initiated by Defendant CHASE took it upon themselves to

20   seek a loan modification.  In order to begin the loan modification application and

21   review process, Plaintiffs GARCIA submitted the first of many loan modification

22   applications and supplementary financial documents to Defendant CHASE at this

23   time.

24          14.    For several months, Plaintiffs GARCIA attempted to contact

25   Defendant CHASE in order to determine what, if any, additional steps were

26   required to secure the desired loan modification.  In doing so, Plaintiffs GARCIA,

27   attempted contact by telephone and relayed reasonable requests for loan

28   modification consideration to agents and representatives in the loss mitigation

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

4

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

1    department of Defendant CHASE. In most instances, Plaintiffs were either hung

2    up on, or informed that certain pertinent information necessary for the success of

3    the loan modification had been lost or misplaced by Defendant CHASE. As a

4    result, Plaintiffs were asked to submit entirely new documentation and

5    supplementary financial information and did so on multiple occasions.

6        15.    The extensive passage of time during which no loan modification

7    consideration was given to Plaintiffs GARCIA constituted a substantial and

8    unreasonable delay. This delay was caused primarily by Defendant CHASE's

9    continued loss and/or misapplication of Plaintiffs' personal financial information

10   and loan documentation.

11       16.    On March 4, 2011, Defendant QUALITY, acting at the behest of

12   Defendant CHASE, recorded a Notice of Default ("NOD") against the subject

13   property. (A true and correct copy of the NOD is attached hereto as Exhibit "A").

14       17.    On November 4, 2011, Defendant QUALITY, acting at the behest of

15   Defendant CHASE, recorded a Notice of Trustee's Sale ("NTS") against the

16   subject property. (A true and correct copy of the NTS is attached hereto as Exhibit

17   "B").

18   **PLAINTIFFS RECEIVE A PERMANENT LOAN MODIFICATION**

19       18.    On or about February 25, 2011, Defendant CHASE provided a final

20   and binding "HOME AFFORDABLE MODIFICATION AGREEMENT"

21   (hereinafter the "HAMP Modification") to the Plaintiffs. The HAMP

22   Modification was a federally sponsored loan modification offer. (A true and

23   correct copy of the HAMP Modification is attached hereto as Exhibit "C"). At the

24   brink of foreclosure, Plaintiffs prayers for loan modification were answered and it

25   appeared that the family home would be saved.

26       19.    The loan modification offered to modify Plaintiffs' mortgage loan as

27   follows:

28       A. Interest rate fixed at 2.00% beginning March 1, 2011;

5

B. Interest rate to "step" to 3.00% beginning March 1, 2016;

C. Interest rate to "step" to 4.00% beginning March 1, 2017;

D. Interest rate to "step" to 4.75% beginning March 1, 2018 through loan maturity.

E. Importantly and in light of the interest rate adjustments to Plaintiffs' mortgage and amortization schedule, the loan modification obligated Plaintiffs to submit monthly payments to Defendant CHASE in the amount of $1,079.08 for the period of March 1, 2011 through February 1, 2016.

20.     The HAMP Modification obligated Defendant CHASE to (1) cease all foreclosure activity, and; (2) to service Plaintiffs' loan in accordance with the modified terms.

21.     The intent of the parties in entering into the loan modification was that the underlying mortgage loan would be permanently modified to the affordable rate described therein and the loan would re-commence as "current".

22.     The loan modification was supported by good and valid consideration in the form of the above-referenced obligations, the sufficiency of which was acknowledged by the parties.

23.     The loan modification was created, drafted, and supplied by Defendant CHASE, who expressly stated in its correspondence that the agreement would become binding upon Plaintiffs' execution of the same.

24.     Plaintiffs accepted and executed the HAMP Modification and returned the signed paperwork to Defendant CHASE as required by the agreement.

25.     Indeed, each of Plaintiffs' obligations as set forth in the loan modification and accompanying correspondence was satisfied. Defendant CHASE acknowledged Plaintiffs' full performance of all loan modification obligations.

26.     At this time, the loan was reinstated as current and had been permanently modified. At this time, Plaintiffs and Defendant CHASE were in

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

6

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

1  mutual agreement that no foreclosure actions would be taken against the subject
2  property.  In fact, Defendant CHASE no longer had statutory authority to foreclose
3  on the loan because it was no longer in default per the HAMP Modification.

4       27.    At all times material, Plaintiffs fully performed under the loan
5  modification agreement by tendering prompt, full, and timely payments each and
6  every month.

## DEFENDANTS FORECLOSE ON SUBJECT PROPERTY DESPITE PERMANENT LOAN MODIFICATION

9       28.    At some point following Plaintiffs' acceptance of the HAMP
10  Modification, Defendant OCWEN began servicing the underlying loan.

11       29.    As of Plaintiffs' acceptance, execution, and return of Defendant
12  CHASE's HAMP Modification offer, the underlying loan became "current" and
13  was no longer subject to foreclosure proceedings.  At this time, all previously
14  recorded Notices of Default and Notices of Trustee's Sale became void,
15  unenforceable, and carried no legal weight whatsoever.

16       30.    Nevertheless, on October 18, 2012, Defendants OCWEN and
17  QUALITY held a foreclosure sale of the subject property.  At the unlawful and
18  unjustifiable foreclosure sale, title to the property reverted to the beneficiary,
19  Defendant DEUTSCHE.

20       31.    On October 26, 2012, Defendants OCWEN and QUALITY recorded
21  a Trustee's Deed Upon Sale transferring ownership of the subject property to
22  "Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS
23  Capital Inc. Trust 2003-HE3, Mortgage Pass-Through Certificates, Series 2003-
24  HE3".  (A true and correct copy of the Trustee's Deed Upon Sale is attached
25  hereto as Exhibit "D").

26       32.    This foreclosure and transfer of title occurred in spite of the fact that
27  Plaintiffs' loan had been permanently modified and was current at the time of sale.

28

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

33.     Plaintiffs are informed and believe that Defendants OCWEN, CHASE and QUALITY have failed to redact, rescind, or void any foreclosure notices or deeds associated with the wrongful foreclosure of the subject property.

34.     The combined failures of Defendant CHASE, Defendant OCWEN and their representatives to fail to immediately remove, redact, retract, and cause to be void, all foreclosure notices Trustee's Deeds associated with the subject property is the product of willful, intentional, and deceitful conduct.

35.     There is no adequate remedy at law which would compensate Plaintiffs for the subject property, which as a matter of law is unique.

36.     At all times material to this matter and all filings, Plaintiffs have remained ready, willing, and able to tender payments to Defendants CHASE and OCWEN in accordance with the agreements entered into by the parties.

37.     On December 6, 2012, Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital Inc. Trust 2003-HE3, Mortgage Pass-Through Certificates, Series 2003-HE3 filed an Unlawful Detainer action against the Plaintiffs based upon the illegally acquired, yet void, Trustee's Deed Upon Sale.  The Unlawful Detainer is presently pending on the Superior Court of California, County of San Bernardino and has been assigned Case Number UDFS1202302.

38.     Plaintiffs' will be forced to attend an Unlawful Detainer trial on April 5, 2013.

//

//

//

//

//

//

//

VERIFIED FIRST AMENDED COMPLAINT

# FIRST CAUSE OF ACTION

## BREACH OF CONTRACT

### (Against Defendants CHASE and OCWEN and DEUTSCHE)

39.   Plaintiffs repeat and re-allege each of the preceding Paragraphs and incorporate the same as if set forth herein at length.

40.   On or about February 25, 2011, Defendant CHASE provided a final and binding HAMP Modification to the Plaintiffs.  (See Exhibit "C").  The HAMP Modification was a federally sponsored loan modification offer.  At the brink of foreclosure, Plaintiffs prayers for loan modification were answered and it appeared that the family home would be saved.

41.   The HAMP Modification entered into between Plaintiffs and Defendant CHASE was supported by valid consideration and constituted a valid offer and acceptance thereof.

42.   Under the HAMP Modification, Plaintiffs tendered payments to Defendant CHASE and thereafter to Defendant OCWEN.  The payments made by Plaintiffs under the HAMP Modification constituted valuable consideration.  By making these payments, Plaintiffs gave up the ability to pursue other means of saving their home from foreclosure.

43.   The loan modification offered to modify Plaintiffs' mortgage loan as follows:

    A.   Interest rate fixed at 2.00% beginning March 1, 2011;

    B.   Interest rate to "step" to 3.00% beginning March 1, 2016;

    C.   Interest rate to "step" to 4.00% beginning March 1, 2017;

    D.   Interest rate to "step" to 4.75% beginning March 1, 2018 through loan maturity.

9

Katcho, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

E.    Importantly and in light of the interest rate adjustments to Plaintiffs' mortgage and amortization schedule, the loan modification obligated Plaintiffs to submit monthly payments to Defendant CHASE in the amount of $1,079.08 for the period of March 1, 2011 through February 1, 2016.

44.    The HAMP Modification obligated Defendant CHASE to (1) cease all foreclosure activity, and; (2) to service Plaintiffs' loan in accordance with the modified terms.

45.    Plaintiffs accepted and executed the HAMP Modification and returned the signed paperwork to Defendant CHASE as required by the agreement.

46.    Indeed, each of Plaintiffs' obligations as set forth in the loan modification and accompanying correspondence was satisfied. Defendant CHASE acknowledged Plaintiffs' full performance of all loan modification obligations.

47.    At this time, the loan was reinstated as current and had been permanently modified. At this time, Plaintiffs and Defendant CHASE were in mutual agreement that no foreclosure actions would be taken against the subject property. In fact, Defendant CHASE no longer had statutory authority to foreclose on the loan because it was no longer in default per the HAMP Modification.

48.    At all times material, Plaintiffs fully performed under the loan modification agreement by tendering prompt, full, and timely payments each and every month.

49.    To the extent that the HAMP Modification is binding upon Defendant CHASE, it is also binding upon Defendant OCWEN as Defendant OCWEN "stepped into the shoes" of Defendant CHASE when it undertook the servicing obligations associated with the subject mortgage.

50.    As of Plaintiffs' acceptance, execution, and return of Defendant CHASE's HAMP Modification offer, the underlying loan became "current" and was no longer subject to foreclosure proceedings. At this time, all previously

10

1  recorded Notices of Default and Notices of Trustee's Sale became void,

2  unenforceable, and carried no legal weight whatsoever.

3       51.     Defendants CHASE and OCWEN breached the HAMP Modification

4  agreement by foreclosing on the subject property at the wrongful and void October

5  18, 2012 foreclosure sale. Additionally, Defendants CHASE and OCWEN

6  breached the HAMP Modification by refusing to apply Plaintiffs' payments to the

7  loan balance.

8       52.     At no time has Defendant CHASE or OCWEN's performance under

9  the HAMP Modification been excused or waived by Plaintiffs GARCIA.

10       53.     Plaintiffs have been directly and proximately damaged in the amount

11  of eight (8) months of payments in the total amount of $8,632.64 which

12  Defendants CHASE and OCWEN failed to apply to the loan balance.  Plaintiffs

13  have been directly and proximately damaged in the amount of the entire value of

14  the subject property at the time of sale which is approximately $200,000.00.

15  //

16  //

17  //

18  //

19  //

20  //

21  //

22  //

23  //

24  //

25  //

26  //

27  //

28  //

Katcho, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

11

## SECOND CAUSE OF ACTION

### UNJUST ENRICHMENT

**(Against Defendants CHASE and OCWEN and DEUTSCHE)**

54.     Plaintiffs repeat and re-allege each of the preceding Paragraphs and incorporate the same as if set forth herein at length.

55.     By their wrongful acts, illegitimate conduct, breaches of conduct, Defendants CHASE and OCWEN have been unjustly enriched at the expense of the Plaintiffs, and thus Plaintiffs have been unjustly deprived.

56.     By reason of the foregoing, Plaintiffs seek restitution from Defendants CHASE and OCWEN, and an order of this Court disgorging all profits, benefits, and other compensation obtained by Defendants CHASE and OCWEN by and through their wrongful conduct which culminated in the illegitimate and legally void foreclosure sale of the subject property.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

. 12

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

**THIRD CAUSE OF ACTION**

**PROMISSORY ESTOPPEL**

**(Against Defendants CHASE and OCWEN and DEUTSCHE)**

57.     Plaintiffs repeat and re-allege each of the preceding Paragraphs and incorporate the same as if set forth herein at length.

58.     On or about February 25, 2011, Defendant CHASE provided a final and binding HAMP Modification to the Plaintiffs.  (See Exhibit "C") (hereinafter the "Promise").  The HAMP Modification was a federally sponsored loan modification offer.  At the brink of foreclosure, Plaintiffs prayers for loan modification were answered and it appeared that the family home would be saved.

59.     Under the Promise, Plaintiffs tendered payments to Defendant CHASE and thereafter to Defendant OCWEN.

60.     The Promise was represented to modify Plaintiffs' mortgage loan as follows:

A.     Interest rate fixed at 2.00% beginning March 1, 2011;

B.     Interest rate to "step" to 3.00% beginning March 1, 2016;

C.     Interest rate to "step" to 4.00% beginning March 1, 2017;

D.     Interest rate to "step" to 4.75% beginning March 1, 2018 through loan maturity.

E.     Importantly and in light of the interest rate adjustments to Plaintiffs' mortgage and amortization schedule, the loan modification obligated Plaintiffs to submit monthly payments to Defendant CHASE in the amount of $1,079.08 for the period of March 1, 2011 through February 1, 2016.

61.     The Promise obligated Defendant CHASE to (1) cease all foreclosure activity, and; (2) to service Plaintiffs' loan in accordance with the modified terms.

62.     Plaintiffs GARCIA reasonably and justifiably relied on the Promise

13

Katcho, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

as Plaintiffs were actively encouraged to defer loss mitigation efforts to Defendant CHASE's loss mitigation department. Defendant CHASE further encouraged Plaintiffs to defer loss mitigation to its wisdom through statements such as "('CHASE') wants to help you stay in your home."

63. Plaintiffs have been directly and proximately financially injured by their reliance upon the Promise in that Plaintiffs submitted ongoing payments under the modification (rather than allow Defendant CHASE to recoup the security through foreclosure) and ultimately were deprived of title to the subject property by way of Defendants CHASE and OCWEN conspiring to unlawfully sell the subject property at foreclosure.

64. Plaintiffs have been directly and proximately physically injured by their reliance upon the promise in that Plaintiffs have suffered extreme emotional distress which has manifested itself physically in the form of sleeplessness, nightmares, depression and anxiety.

//
//
//
//
//
//
//
//
//
//
//
//
//
//

VERIFIED FIRST AMENDED COMPLAINT

## FOURTH CAUSE OF ACTION

## CANCELLATION OF INSTRUMENT

**(Against Defendants CHASE and OCWEN and QUALITY and DEUTSCHE)**

65. Plaintiffs repeat and re-allege each of the preceding Paragraphs and incorporate the same as if set forth herein at length.

66. There is in existence a written instrument which purports to be a Trustee's Deed Upon Sale which purports to transfer an interest in the subject property away from the Plaintiffs. The form and contents of the Trustee's Deed Upon Sale are as set out in the true and correct copy which is attached to this Complaint as Exhibit "D" and incorporated by reference herein.

67. Defendants OCWEN and QUALITY had no power to sell the subject property at the time of foreclosure, as the underlying loan was current by way of permanent modification. The foreclosure sale was held wrongfully and the Trustee's Deed Upon Sale which was issued as a result carries no legal weight whatsoever.

68. If the Trustee's Deed Upon Sale is left outstanding, Plaintiffs will lose both title and possession to the Subject Property.

69. The Trustee's Deed Upon Sale conveys no right, title, or interest in or to the subject property, and in order to prevent inconsistent actions in connection therewith, Plaintiffs are entitled to a decree cancelling the Trustee's Deed Upon Sale and determining that it is invalid and void.

//
//
//
//
//
//
//
//

15

Katehko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

## FIFTH CAUSE OF ACTION

## QUIET TITLE

### (Against Defendants CHASE and OCWEN and QUALITY and DEUTSCHE and DOES 1-10 )

70.    Plaintiffs repeat and re-allege each of the preceding Paragraphs and incorporate the same as if set forth herein at length.

71.    Plaintiffs were in possession of the subject property within five years of the commencement of this action, and Plaintiffs were at all times herein, the legal and/or equitable owners of the subject property.

72.    Plaintiffs are informed and believe and on such information and belief allege that Defendants CHASE and OCWEN and DOES 1-10 claim, or may claim, an interest adverse to that of the Plaintiffs in the above-described subject property as the holders, beneficiaries, or trustees of and that these entities may have, or claim to have, an interest in the real property that is the subject of this action.  Some of the unknown defendants claim interests in the property adverse to that of the Plaintiffs as holders of the void Trustee's Deed Upon Sale.

73.    The claims of interest of Defendants CHASE and OCWEN and DOES 1-10 are based upon the Trustee's Deed Upon Sale (Exhibit "D") which carries no legal weight whatsoever as Plaintiffs' loan had been modified and deemed current at the time of the foreclosure sale.  As such, each of Defendants CHASE, OCWEN, QUALITY, and DOES 1-10 have no claim to any right, title, estate, lien or interest whatsoever in the real property or any part thereof.

74.    Plaintiffs seek to quiet title as of the filing of the Complaint herein.

//

//

//

//

//

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

16

VERIFIED FIRST AMENDED COMPLAINT

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

## SIXTH CAUSE OF ACTION

## VIOLATIONS OF CAL. BUS. & PROF. CODE §§17200 et seq.

### (Against Defendants CHASE and OCWEN and DEUTSCHE)

75.   Plaintiffs repeat and re-allege each of the preceding Paragraphs and incorporate the same as if set forth herein at length.

76.   <u>California Business & Professions Code</u> § 17200("UCL") bestows upon individuals a private right of action against unlawful business activities. An "unlawful" business activity under the UCL includes anything that can properly be called a business practice and that violates state law. A business practice is "fraudulent" under the UCL if it is likely to deceive the consuming public.

77.   As alleged hereinabove, Defendants CHASE and OCWEN have engaged in a pattern and practice of extensive unlawful and fraudulent conduct related to the improper foreclosure of the subject property insofar as the foreclosure was conducted against a loan that was "current" at the time of sale and which was permanently modified through a federal program. In acting as alleged herein, Defendants CHASE and OCWEN have acted in an "unlawful" and "fraudulent" manner as defined by the UCL.

78.   Indeed, the public at large is likely to be deceived by Defendants CHASE and OCWEN's pattern of conduct. Specifically, the public now faces a growing foreclosure crisis and Defendant CHASE and OCWEN continue to "add fuel to the fire" by foreclosing on properties to which the power of sale has been removed by way of loan modifications which bring the underlying loans to "current" status. The conduct of these Defendants deceives the public in that borrowers are subjected to foreclosure on loans which are current and/or modified.

79.   Defendants' conduct is continuous and ongoing in nature.

//

//

//

17

80.     Plaintiffs have been directly and proximately damaged in the amount of eight (8) months of payments in the total amount of $8,632.64 which Defendants CHASE and OCWEN failed to apply to the loan balance.  Plaintiffs have been directly and proximately damaged in the amount of the entire value of the subject property at the time of sale which is approximately $200,000.00. and seek an immediate injunction against the deceitful practices of these Defendants in order to protect the public at large.

81.     Through their unlawful conduct, Defendants CHASE and OCWEN have obtained money from Plaintiffs and have retained these funds.   Plaintiffs hereby request the restoration and restitution of all money procured through Defendant CHASE and OCWEN's unlawful conduct as described in this Complaint.  Plaintiffs risk being irreparably harmed and/or denied an effective and complete remedy if such an order is not issued by this Court


**WHEREFORE,** Plaintiffs GONZALO GARCIA and PATRICIA GARCIA pray for the following relief:

As to the First Cause of Action for Breach of Contract:

1.     For compensatory damages in the amount of $300,000.00

2.     For reasonable attorneys' fees and costs of suit;

3.     For such other and further relief as this Court deems just and proper.

As to the Second Cause of Action for Unjust Enrichment:

4.     For compensatory damages in the amount of $300,000.00

5.     For reasonable attorneys' fees and costs of suit;

6.     For such other and further relief as this Court deems just and proper.

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

18

As to the Third Cause of Action for Promissory Estoppel:

7.     For compensatory damages in an amount to be proven at trial;

8.     For reasonable attorneys' fees and costs of suit;

9.     For other such relief as the Court deems appropriate.

As to the Fourth Cause of Action for Cancellation of Instrument:

10.    For a decree cancelling and voiding that certain Trustee's Deed Upon Sale attached to this Complaint as Exhibit "D";

11.    For other such relief as the Court deems appropriate.

As to the Fifth Cause of Action for Quiet Title:

12.    For a decree quieting Plaintiffs' title to the subject property as owners in fee simple, that Defendants, and each of them have no right, title or interest in the property adverse to Plaintiffs;

13.    For Injunctive Relief in the form of Temporary Restraining Orders, Preliminary Injunctions, and Permanent Injunctions to prohibit Defendants, or any person or entity acting at their direction, under their control or on their behalf as their representative, agent, attorney, attorney-in-fact, employee, contractor, or in any capacity, from causing, permitting, or failing to prevent any of the following acts:

    a.  transferring, assigning, conveying, or in any manner vesting any aspect of an interest in the subject property to any third person or entity;

    b.  substituting any other person or entity as a trustee under the Deed of Trust at issue herein;

    c.  claiming any right, title or interest in the subject property;

    d.  exercising any right, title or interest in the subject property adverse to Plaintiffs;

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

VERIFIED FIRST AMENDED COMPLAINT

As to the Sixth Cause of Action for Violations of Cal. Bus. & Prof. Code §§17200 et seq:

    14.    For restitution in an amount to be proven at trial;

    15.    For an order declaring the conduct of Defendants CHASE and OCWEN and DEUTSCHE as alleged herein to be an unlawful violation of the UCL;

    16.    For an order enjoining Defendants CHASE and OCWEN and DEUTSCHE from transferring any right in the subject property to any third parties;

    17.    For other such relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiffs hereby request a trial by jury on any and all issues so triable.

DATED: March 18, 2013        **KATCHKO, VITIELLO & KARIKOMI, PC**

                              By:    */S/GIANDOMINIC VITIELLO*
                              GIANDOMINIC VITIELLO,
                              YELENA KATCHKO,
                              Attorneys for Plaintiffs Gonzalo Garcia
                              and Patricia Garcia.

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

VERIFIED FIRST AMENDED COMPLAINT

1

## VERIFICATION

2

STATE OF CALIFORNIA       )

3                          ) ss

COUNTY OF LOS ANGELES     )

4

5        I have read the foregoing **VERIFIED FIRST AMENDED COMPLAINT**.

6        I am a party to this action.  The facts and allegations contained therein are true and correct to

7    the best of my own knowledge except as to those matters stated on information and belief and, as to

8    those matters, I believe them also to be true.

9        I declare under penalty of perjury under the laws of the State of California that the foregoing

10   is true and correct.

11       Executed this ___19___ day of March 2013.

12

13

14                                        _____
                                          GONZALO GARCIA
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Katchko, Vitiello & Karikomi, PC
11500 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**VERIFICATION**

STATE OF CALIFORNIA          )
                             )  ss
COUNTY OF LOS ANGELES        )

    I have read the foregoing **FIRST AMENDED VERIFIED COMPLAINT**.

    I am a party to this action.  The facts and allegations contained therein are true and correct to the best of my own knowledge except as to those matters stated on information and belief and, as to those matters, I believe them also to be true.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed this ___19___ day of March 2013.

                                _____
                                  PATRICIA GARCIA

Kwekko, Widelo & Karlkoml, PC
11560 W. Olympic Blvd., Suite 400
Los Angeles, CA 90064

22

**EXHIBIT "A"**

Branch :F7L User :TZ05  Comment:  Station Id :BK74
Case 5:12-cv-01770-JAK-DTB  Document10-2 Filed 08/25/14 Page 25 of 49  Page ID#:480
Case 5:12-cv-01770-JAK-DTB  Document10-2 Filed 11/14/12 Page 27 of 47  Page ID#:236

FATCO

Recording requested by:
Quality Loan Service Corp

When recorded mail to:
Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101



Recorded in Official Records, County of San Bernardino   3/04/2010
1:00 PM
**LARRY WALKER**   AS
Auditor/Controller — Recorder

691  First American

Doc#: **2010—0085320**

| Titles: | 1 | Pages: | 3 |
|---|---|---|---|
| Fees | | | 18.00 |
| Taxes | | | 0.00 |
| Other | | | 0.00 |
| PAID | | | $18.00 |

Space above this line for Recorder's use

TS # CA-10-343646-RM          Order # 4381796
F_APN_SF

## IMPORTANT NOTICE
### NOTICE OF DEFAULT AND ELECTION TO SELL
### UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION.**   You may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account (normally five business days prior to the date set for the sale of your property).  No sale may be set until three months from the date this notice of default is recorded (which date of recordation appears on this notice).  This amount is **$18,011.85** as of **3/3/2010** and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage.  If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing.  In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay.  You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made.  However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**Chase Home Finance LLC**
**C/O Quality Loan Service Corp.**
**2141 5th Avenue**
**San Diego, CA 92101**
**619-645-7711**

*See attached Declaration*

TS No.: CA-10-343646-RM

**Notice of Default and Election To Sell Under Deed of Trust**

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

Remember, **YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.**

NOTICE IS HEREBY GIVEN: That the undersigned is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated 6/24/2003, executed by PATRICIA GARCIA AND GONZALO GARCIA, WIFE AND HUSBAND AS JOINT TENANTS, as Trustor, to secure certain obligations in favor of MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ("MERS"), AS NOMINEE FOR HOME FUNDS DIRECT, as beneficiary, recorded 7/8/2003, as Instrument No. 2003-0494818, in Book xxx, Page xxx of Official Records in the Office of the Recorder of SAN BERNARDINO County, California describing land therein: **as more fully described in said Deed of Trust.**

Said obligations including 1 NOTE(S) FOR THE ORIGINAL sum of $176,000.00, that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

The installments of principal and interest which became due on 4/1/2009, and all subsequent installments of principal and interest through the date of this Notice, plus amounts that are due for late charges, delinquent property taxes, insurance premiums, advances made on senior liens, taxes and/or insurance, trustee's fees, and any attorney fees and court costs arising from or associated with the beneficiaries efforts to protect and preserve its security, all of which must be paid as a condition of reinstatement, including all sums that shall accrue through reinstatement or pay-off. Nothing in this notice shall be construed as a waiver of any fees owing to the Beneficiary under the Deed of Trust pursuant to the terms of the loan documents.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

The Beneficiary or its designated agent declares that it has contacted the borrower, tried with due diligence to contact the borrower as required by California Civil Code § 2923.5, or the borrower has surrendered the property to the beneficiary or authorized agent, or is otherwise exempt from the requirements of § 2923.5. Pursuant to the attached declaration incorporated herein and made a part hereof by this reference.

Dated: 3/3/2010 **Quality Loan Service Corp., AS AGENT FOR BENEFICIARY** BY: First American Title Insurance Company, as Agent

*Allison Caruso*
Allison Caruso, Auth. Agent

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holder's rights against the real property only.

**THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

Declaration Re: Borrower Contact and Due Diligence Pursuant to CC §2923.5 and instructions to Trustee
Re: Notice of Default

Re:  Borrower:           PATRICIA GARCIA AND GONZALO GARCIA, WIFE AND HUSBAND
                         AS JOINT TENANTS
     Property Address    8383 BERMUDA CT, FONTANA, CA 92335
     Client:             Chase Home Finance LLC
     Loan No.:           16460495
     TS No.:             CA-10-343646-RM

The undersigned beneficiary or their authorized agent for the beneficiary hereby represents and declares
as follows:

1. ☐ On _____ the beneficiary or their authorized agent contacted the borrower(s) to
assess their financial situation and to explore options to avoid foreclosure. During this contact the
borrower(s) was advised he or she has the right to schedule a follow-up meeting to occur within
14 days. Further, the borrower(s) was provided the toll-free telephone number to find a HUD-
certified housing counseling agency.

2. ☑ No contact was made with the borrower despite the due diligence of beneficiary or their authorized
agent's pursuant to California Civil Code §2923.5(g), including (a) Mailing a first-class letter to the
borrower(s) which included a toll free number to contact a HUD-certified housing counseling agency; (b)
Attempting to contact the borrower(s) by telephone at the primary telephone number on file at least three
times at different hours and on different days or determined that the primary and secondary phone
numbers on file were disconnected; and (c) Having received no response from the borrower(s) for 14 days
after the telephone contact efforts were complete, an additional letter was sent to the borrower(s) via
certified mail, with return receipt requested.

3. ☐ The borrower has surrendered the secured property as evidenced by a letter confirming the
surrender or by delivery of the keys to the secured property to the beneficiary, their authorized agent or
the trustee.

4. ☐ The Beneficiary or their authorized agent has evidence and reasonably believes that the borrower
has contracted with an organization, person, or entity whose primary business is advising people who
have decided to leave their homes on how to extend the foreclosure process and to avoid their contractual
obligations to beneficiarys.

5. ☐ The beneficiary or their authorized agent has confirmed that the borrower(s) filed for bankruptcy
and the proceedings have not been finalized to wit, there is no order on the court's docket closing or
dismissing the bankruptcy case.

6. ☐ The provisions of California Civil Code §2923.5 do not apply because        .

The undersigned instructs the trustee to proceed with non-judicial foreclosure proceedings and expressly
authorizes the trustee or their authorized agent to sign the notice of default containing the declaration re:
contact required pursuant to California Civil Code §2923.5.

I certify under Penalty of Perjury under the laws of the State of ____OH____ that the above is
true and correct.

Dated: 2-25-10
By:  _Lola Edwards_

# EXHIBIT "B"

Branch : FTL User : 1705 01770 JAK DTB Comment: Case 5:12-cv-01770-JAK-DTB Document 10-2 Filed 03/25/13 Page 29 of 49 Page ID #:484
Case 5:12-cv-01770-JAK-DTB Document 10-2 Filed 11/14/12 Page 42 of 47 Page ID #:251
Station Id :BK74



Recorded in Official Records, County of San Bernardino    **11/04/2011**
**8:00 AM**
**DENNIS DRAEGER**    **BGJ**
ASSESSOR – RECORDER – CLERK

**691 First American**

Recording requested by:
Quality Loan Service Corp.

When recorded mail to:
Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101

| Doc#: | **2011 – 0458555** | Titles: | 1 | Pages: | 2 |
|---|---|---|---|---|---|
| | | Fees | | | 21.00 |
| | | Taxes | | | 0.00 |
| | | Other | | | 0.00 |
| | | PAID | | | $21.00 |

---

TS # CA-10-343646-RM           SPACE ABOVE THIS LINE FOR RECORDER'S USE
Order # 4381796

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 6/24/2003. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 to the Financial code and authorized to do business in this state, will be held by duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by the Deed of Trust, with interest and late charges thereon, as provided in the note(s), advances, under the terms of the Deed of Trust, interest thereon, fees, charges and expenses of the Trustee for the total amount (at the time of the initial publication of the Notice of Sale) reasonably estimated to be set forth below. The amount may be greater on the day of sale.

**BENEFICIARY MAY ELECT TO BID LESS THAN THE TOTAL AMOUNT DUE.**

Trustor(s):     **PATRICIA GARCIA AND GONZALO GARCIA, WIFE AND HUSBAND AS JOINT TENANTS**
Recorded:     7/8/2003 as Instrument No. 2003-0494818 in book xxx, page xxx of Official Records in the office of the Recorder of SAN BERNARDINO County, California;

Date of Sale:     **11/28/2011 at 12:00 PM**
Place of Sale:     **At the North Arrowhead Avenue entrance to the County Courthouse, 351 North Arrowhead Avenue, San Bernardino, CA 92401**
Amount of unpaid balance and other charges: **$200,374.93**
The purported property address is:     **8383 BERMUDA CT**
                                   **FONTANA, CA 92335**
Assessor's Parcel No. 0230-291-69-0-000

The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein. If no street address or other common designation is shown, please refer to the referenced legal description for property location. In the event no common address or common designation of the property is provided herein directions to the location of the property may be obtained within 10 days of the date of first publication of this Notice of Sale by sending a written request to Chase Home Finance LLC 800 Brooksedge Boulevard Westerville OH 43081.

Pursuant to California Civil Code §2923.54 the undersigned, on behalf of the beneficiary, loan servicer or authorized agent, declares as follows:

[ 1 ] The mortgage loan servicer has not obtained from the commissioner a final or temporary order of exemption pursuant to Section 2923.53 that is current and valid on the date the notice of sale is filed;

[ 2 ] The timeframe for giving notice of sale specified in subdivision (a) of Section 2923.52 does apply to this notice of sale.

**If the Trustee is unable to convey title for any reason, the successful bidder's sole and exclusive remedy shall be the return of monies paid to the Trustee, and the successful bidder shall have no further recourse.**

**If the sale is set aside for any reason, the Purchaser at the sale shall be entitled only to a return of the deposit paid. The Purchaser shall have no further recourse against the Mortgagor, the Mortgagee, or the Mortgagee's Attorney.**

Date: 10/27/2011

**Quality Loan Service Corp.**
**2141 5th Avenue**
**San Diego, CA 92101**
**619-645-7711 For NON SALE information only**
Sale Line: 714-730-2727 or Login to: www.lpsasap.com
**Reinstatement Line: 619-645-7711**

Quality Loan Service Corp. by: Erica Paul, as Authorized Agent.

If you have previously been discharged through bankruptcy, you may have been released of personal liability for this loan in which case this letter is intended to exercise the note holders right's against the real property only.

**THIS NOTICE IS SENT FOR THE PURPOSE OF COLLECTING A DEBT. THIS FIRM IS ATTEMPTING TO COLLECT A DEBT ON BEHALF OF THE HOLDER AND OWNER OF THE NOTE. ANY INFORMATION OBTAINED BY OR PROVIDED TO THIS FIRM OR THE CREDITOR WILL BE USED FOR THAT PURPOSE.**

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit report agency if you fail to fulfill the terms of your credit obligations.

**EXHIBIT "C"**

# CHASE ⬡

Loan Number    0016460495

Chase Home Finance LLC
P.O. Box 47020
Doraville, GA 30362
(877) 530-8951  Insurance Processing Center

Re:     **Important – Loan Modification Insurance Requirement**          **FEBRUARY 25, 2011**
          Loan Number:  0016460495
          Property Address:  8383 BERMUDA CT, FONTANA, CALIFORNIA 92335

Dear Borrower:

One of the conditions of your modification is the requirement to maintain adequate insurance coverage.
We need your assistance in ensuring that we have the correct insurance information on your loan.

Please ask your agent or insurance company to validate the mortgagee clause listed below for your
homeowners, flood and wind policies as applicable.  If Chase is not currently listed as your mortgagee,
ask your agent to forward your current insurance information to the address shown below or to fax the
policy information to the Insurance Department at **(678) 475-8799**.
Please ask your agent or company to verify that your policy includes the correct "mortgagee clause"
which reads exactly as follows:

> Chase Home Finance LLC
> Its Successors and/or Assigns
> P.O. Box 47020
> Atlanta, GA 30362

**If you do not have current insurance** please contact an agent to obtain proper coverage.  If you need
assistance in finding an agent, contact your State Insurance Commissioner.  If you cannot afford the initial
premium on new coverage the agent may fax the binder and request for payment to the number provided
above and we will purchase the insurance from the escrow account that will be established as a condition
of your loan modification.

**If you do not provide evidence of your own insurance, we will be required to purchase limited
hazard insurance to protect our interest in the property and the loan.  This will likely be at a cost
that is likely to be much higher than you would pay on your own and will exclude coverage for
contents and general liability.  The higher cost will increase your escrow payment obligation and
may affect your ability to qualify for a modification.**

If you or your insurance agent has any questions about your obligation to provide evidence of insurance
or any information in this letter, please contact the Insurance Processing Center at **(877) 530-8951**.

Thank you for taking the time to help us ensure that your account is correctly updated.

355872:v7                                    Page 1 of 1                                    MS1014


3 + 21 + 0016460495 + 1 + 50

Loan Number    0016460495

# HOME AFFORDABLE MODIFICATION AGREEMENT

MIN: 100176103050725173

Borrower ("I"):[1] **GONZALO GARCIA and PATRICIA GARCIA**
Lender or Servicer ("Lender"): **CHASE HOME FINANCE LLC**
Date of first lien mortgage, deed of trust, or security deed ("Mortgage") and Note ("Note"): **JUNE 24, 2003**
Loan Number: **0016460495**
Property Address ("Property"): **8383 BERMUDA CT, FONTANA, CALIFORNIA 92335**

"MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS.

If my representations and covenants in Section 1 continue to be true in all material respects, then this Home Affordable Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

I understand that after I sign and return two copies of this Agreement to the Lender, the Lender will send me a signed copy of this Agreement. This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.  **My Representations and Covenants.** I certify, represent to Lender, covenant and agree:

    A.  I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents or my default is imminent, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future; .

    B.  One of the borrowers signing this Agreement lives in the Property as a principal residence, and the Property has not been condemned;

    C.  There has been no impermissible change in the ownership of the Property since I signed the Loan Documents. A permissible change would be any transfer that the lender is required by law to allow, such as a transfer to add or remove a family member, spouse or domestic partner of the undersigned in the event of a death, divorce or marriage;

    D.  I have provided documentation for all income that I receive (and I understand that I am not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for the Home Affordable Modification Program ("Program"));

    E.  Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding

---

[1] If more than one Borrower or Mortgagor is executing this document, each is referred to as "I." For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac  UNIFORM INSTRUMENT      ver. 02_10_2011_12_07_36      Form 3157      3/09 (rev. 10/10)(CHF rev. 01/11)

*(page 1 of 10 pages)*



3 + 21 + 00 16 46 0 49 5 + 1 + 50

Loan Number    0016460495

my eligibility for the Program, are true and correct;

F.     If Lender requires me to obtain credit counseling in connection with the Program, I will do so; and

G.     I have made or will make all payments required under a trial period plan.

H.     If I was discharged in a Chapter 7 bankruptcy proceeding subsequent to the execution of the Loan Documents, Lender agrees that I will not have personal liability on the debt pursuant to this Agreement.

2.     **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

A.     If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that any of my representations in Section 1 are no longer true and correct or any covenant in Section 1 has not been performed, the Loan Documents will not be modified and this Agreement will terminate. In that event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

B.     I understand that the Loan Documents will not be modified unless and until (i) the Lender accepts this Agreement by signing and returning a copy of it to me, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.     **The Modification.** If my representations and covenants in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on **APRIL 01, 2011** (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. I understand that if I have failed to make any payments as a precondition to this modification under a trial period plan, this modification will not take effect. The first modified payment will be due on **APRIL 01, 2011.**

A.     The Maturity Date will be: **JULY 01, 2033.**

B.     The modified principal balance of my Note will include all amounts and arrearages that will be past due as of the Modification Effective Date (including unpaid and deferred interest, fees, escrow advances and other costs, but excluding unpaid late charges, collectively, "Unpaid Amounts") less any amounts paid to the Lender but not previously credited to my Loan. The new principal balance of my Note will be **$195,110.23** (the "New Principal Balance"). I understand that by agreeing to add the Unpaid Amounts to the outstanding principal balance, the added Unpaid Amounts accrue interest based on the interest rate in effect under this Agreement. I also understand that this means interest will now accrue on the unpaid Interest that is added to the outstanding principal balance, which would not happen without this Agreement.

C.     Interest at the rate of **2.000%** will begin to accrue on the New Principal Balance as of **MARCH 01, 2011** and the first new monthly payment on the New Principal Balance will be due on **APRIL 01, 2011.** My payment schedule for the modified loan is as follows:

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac  UNIFORM INSTRUMENT      ver. 02_10_2011_12_07_36      Form 3157      3/09 (rev. 10/10)(CHF rev. 01/11)



3 + 2 1 + 0 0 1 6 4 6 0 4 9 5 + 1 + 5 0

**Loan Number     0016460495**

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount* | Total Monthly Payment* | Payment Begins on | Number of Monthly Payments |
|-------|---------------|---------------------------|----------------------------------------------|------------------------------------------|------------------------|-------------------|----------------------------|
| 1-5   | 2.000%        | 03/01/2011                | $833.42                                      | $245.66 May adjust periodically          | $1,079.08 May adjust periodically | 04/01/2011        | 60                         |
| 6     | 3.000%        | 03/01/2016                | $912.73                                      | May adjust periodically                  | May adjust periodically | 04/01/2016        | 12                         |
| 7     | 4.000%        | 03/01/2017                | $992.47                                      | May adjust periodically                  | May adjust periodically | 04/01/2017        | 12                         |
| 8-23  | 4.750%        | 03/01/2018                | $1,051.89                                    | May adjust periodically                  | May adjust periodically | 04/01/2018        | 184                        |

*The escrow payments may be adjusted periodically in accordance with applicable law and therefore my total monthly payment may change accordingly.

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable, step, or simple interest rate.

I understand that, if I have a pay option adjustable rate mortgage loan, upon modification, the minimum monthly payment option, the interest-only or any other payment options will no longer be offered and that the monthly payments described in the above payment schedule for my modified Loan will be the minimum payment that will be due each month for the remaining term of the Loan.   My modified Loan will not have a negative amortization feature that would allow me to pay less than the interest due resulting in any unpaid interest being added to the outstanding principal balance.

D.   I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E.   If a default rate of interest is permitted under the Loan Documents, then in the event of default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4.   **Additional Agreements.** I agree to the following:

A.   That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless (i) a borrower or co-borrower is deceased; (ii) the borrower and co-borrower are divorced and the property has been transferred to one spouse in the divorce decree, the spouse who no longer has an interest in the property need not sign this Agreement (although the non-signing spouse may continue to be held

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac  UNIFORM INSTRUMENT      ver. 02_10_2011_12_07_36      Form 3157      3/09 (rev. 10/10)(CHF rev. 01/11)

3 + 2 1 + 0 0 1 6 4 6 0 4 9 5 .+ 1 + 5 0

liable for the obligation under the Loan Documents); or (iii) the Lender has waived this requirement in writing.

B.  That this Agreement shall supersede the terms of any modification, forbearance, trial period plan or other workout plan that I previously entered into with Lender.

C.  To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.  That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my escrow account.

E.  That the Loan Documents as modified by this Agreement are duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F.  That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents.

G.  That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, if all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. Lender shall not exercise this option if state or federal law, rules or regulations prohibit the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H.  That, as of the Modification Effective Date, I understand that the Lender will only allow the transfer and assumption of the Loan, including this Agreement, to a transferee of my property as permitted under the Garn St. Germain Act, 12 U.S.C. Section 1701j-3. A buyer or transferee of the Property will not be permitted, under any other circumstance, to assume the Loan. Except as noted herein, this Agreement may not be assigned to, or assumed by, a buyer or transferee of the Property.

I.  That, as of the Modification Effective Date, if any provision in the Note or in any addendum or amendment to the Note allowed for the assessment of a penalty for full or partial prepayment of the Note, such provision is null and void.

J.  That, I will cooperate fully with Lender in obtaining any title endorsement(s), or similar title insurance product(s), and/or subordination agreement(s) that are necessary or required by the Lender's procedures to ensure that the modified mortgage Loan is in first lien


3 + 2 1 + 0 0 1 6 4 6 0 4 9 5 + 1 + 5 0

Loan Number    0016460495

position and/or is fully enforceable upon modification and that if, under any circumstance and not withstanding anything else to the contrary in this Agreement, the Lender does not receive such title endorsement(s), title insurance product(s) and/or subordination agreement(s), then the terms of this Agreement will not become effective on the Modification Effective Date and the Agreement will be null and void.

K.    That I will execute such other documents as may be reasonably necessary to either (i) consummate the terms and conditions of this Agreement; or (ii) correct the terms and conditions of this Agreement if an error is detected after execution of this Agreement. I understand that either a corrected Agreement or a letter agreement containing the correction will be provided to me for my signature. At Lender's option, this Agreement will be void and of no legal effect upon notice of such error. If I elect not to sign any such corrective document, the terms of the original Loan Documents shall continue in full force and effect, such terms will not be modified by this Agreement, and I will not be eligible for a modification under the Home Affordable Modification Program.

L.    Mortgage Electronic Registration Systems, Inc. ("MERS") is a separate corporation organized and existing under the laws of Delaware and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. In cases where the loan has been registered with MERS who has only legal title to the interests granted by the borrower in the mortgage and who is acting solely as nominee for Lender and Lender's successors and assigns, MERS has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling the mortgage loan.

M.    That Lender will collect and record personal information, including, but not limited to, my name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. In addition, I understand and consent to the disclosure of my personal information and the terms of the trial period plan and this Agreement by Lender to (i) the U.S. Department of the Treasury, (ii) Fannie Mae and Freddie Mac in connection with their responsibilities under the Home Affordability and Stability Plan; (iii) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my first lien or subordinate lien (if applicable) mortgage loan(s); (iv) companies that perform support services for the Home Affordable Modification Program and the Second Lien Modification Program; and (v) any HUD certified housing counselor.

N.    That if any document related to the Loan Documents and/or this Agreement is lost, misplaced, misstated, inaccurately reflects the true and correct terms and conditions of the Loan as modified, or is otherwise missing, I will comply with the Lender's request to execute, acknowledge, initial and deliver to the Lender any documentation the Lender deems necessary. If the Note is replaced, the Lender hereby indemnifies me against any loss associated with a demand on the Note. All documents the Lender requests of me under this Section 4.N. shall be referred to as "Documents." I agree to deliver the Documents within ten (10) days after I receive the Lender's written request for such replacement.

O.    That the mortgage insurance premiums on my Loan, if applicable, may increase as a result of the capitalization which will result in a higher total monthly payment. Furthermore, the date on which I may request cancellation of mortgage insurance may change as a

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac  UNIFORM INSTRUMENT    ver. 02_10_2011_12_07_36    Form 3157    3/09 (rev. 10/10)(CHF rev. 01/11)

*(page 5 of 10 pages)*



**Loan Number      0016460495**

result of the New Principal Balance.

P.   If my Loan Documents govern a home equity loan or line of credit, then I agree that as of the Modification Effective Date, I am terminating my right to borrow new funds under my home equity loan or line of credit.  This means that I cannot obtain additional advances, and must make payments according to this Agreement.  (Lender may have previously terminated or suspended my right to obtain additional advances under my home equity loan or line of credit, and if so, I confirm and acknowledge that no additional advances may be obtained.)

(SIGNATURES CONTINUE ON FOLLOWING PAGES)

**JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** – Single Family – Fannie Mae/Freddie Mac   **UNIFORM INSTRUMENT**      ver. 02_10_2011_12_07_36      Form 3157      3/09 (rev. 10/10)(CHF rev. 01/11)

*(page 6 of 10 pages)*

3 + 2 1 + 0 0 1 6 4 6 0 4 9 5 + 1 + 5 0

Loan Number    0016460495

## TO BE SIGNED BY BORROWER ONLY

**BORROWER** SIGNATURE PAGE TO HOME AFFORDABLE MODIFICATION AGREEMENT BETWEEN CHASE HOME FINANCE LLC AND GONZALO  GARCIA and PATRICIA  GARCIA, LOAN NUMBER 0016460495 WITH A MODIFICATION EFFECTIVE DATE OF APRIL 01, 2011

**JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT** – Single Family – Fannie Mae/Freddie Mac   UNIFORM INSTRUMENT     ver. 02_10_2011_12_07_36     Form 3157     3/09 (rev. 10/10)(CHF rev. 01/11)

*(page 7 of 10 pages)*

3 + 2 1 + 0 0 1 6 4 6 0 4 9 5 + 1 + 5 0

Loan Number      0016460495

In Witness Whereof, the Borrower(s) have executed this agreement.

Borrower - GONZALO GARCIA

Date: ___/___/___
        MM    DD    YYYY

*Patricia Garcia*
Borrower - PATRICIA GARCIA

Date: ___/___/___
        MM    DD    YYYY

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie
Mae/Freddie Mac  UNIFORM INSTRUMENT      ver. 02_10_2011_12_07_36      Form 3157      3/09 (rev. 10/10)(CHF rev.
01/11)

*(page 8 of 10 pages)*

3 + 21 + 0 0 1 6 4 6 0 4 9 5 + 1 + 5 0

Loan Number    0016460495

THIS PAGE INTENTIONALLY LEFT BLANK

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie
Mae/Freddie Mac   UNIFORM INSTRUMENT    ver. 02_10_2011_12_07_36     Form 3157    3/09 (rev. 10/10)(CHF rev.
01/11)

*(page 9 of 10 pages)*

3 + 2 1 + 0 0 1 6 4 6 0 4 9 5 + 1 + 5 0

Loan Number      0016460495

## TO BE SIGNED BY LENDER ONLY

**LENDER** SIGNATURE PAGE TO HOME AFFORDABLE MODIFICATION AGREEMENT BETWEEN CHASE HOME FINANCE LLC AND GONZALO GARCIA and PATRICIA GARCIA, LOAN NUMBER 0016460495 WITH A MODIFICATION EFFECTIVE DATE OF APRIL 01, 2011

In Witness Whereof, the Lender has executed this Agreement.

Lender

### CHASE HOME FINANCE LLC

By: _____

Date: _____

Mortgage Electronic Registration Systems, Inc. – Nominee For Lender

By: _____

Date: _____

JPMC MODIFIED MULTISTATE HOME AFFORDABLE MODIFICATION AGREEMENT – Single Family – Fannie Mae/Freddie Mac  UNIFORM INSTRUMENT    ver. 02_10_2011_12_07_36    Form 3157    3/09 (rev. 10/10)(CHF rev. 01/11)

*(page 10 of 10 pages)*

3 + 21 + 0016460495 + 1 + 50

# CHASE HOMEOWNERSHIP CENTER LOCATIONS

| | | | |
|---|---|---|---|
| **Arizona:** | Phoenix | 2501 West Dunlap Avenue, Suite 160, Phoenix, AZ 85021 | 602-943-7013 |
| | Tempe | 444 West Broadway Road, Suite B, Tempe, AZ 85282 | 480-966-3101 |
| **California (Northern):** | Oakland | 5050 Broadway, Oakland, CA 94611 | 510-420-2366 |
| | Sacramento | 1950 Arden Way, 2nd Floor, Sacramento, CA 95815 | 916-567-5340 |
| | Santa Clara | 2915 Stevens Creek Boulevard, Santa Clara, CA 95050 | 408-423-5300 |
| | Stockton | 400 East Main Street, Stockton, CA 95290 | 209-460-2450 |
| | Walnut Creek | 1390 S. Main Street, Walnut Creek, CA 94596 | 925-256-4810 |
| **California (Southern):** | Downey | 8255 Firestone Boulevard, Suite 401, Downey, CA 90241 | 562-861-5210 |
| | Glendale | 400 North Brand Boulevard, Suite 120, Glendale, CA 91203 | 818-548-2280 |
| | Lakewood | 5059 Lakewood Blvd, Lakewood, CA 90712 | 562-663-3770 |
| | Los Angeles | 4401 Crenshaw Blvd. Suite 101, Los Angeles, CA 90043 | 323-290-6201 |
| | Northridge | 9055 Reseda Blvd., 2nd Floor, Northridge, CA 91324 | 818-773-5160 |
| | Rancho Cucamonga | 8599 Haven Avenue, Suite 303, Rancho Cucamonga, CA 91730 | 909-484-2356 |
| | Riverside | 3400 Central Avenue Suites 205 and 210 , Riverside, CA 92506 | 951 782-0577 |
| | San Bernardino | 325 W Hospitality Lane, Suite 112, San Bernardino, CA 92408 | 909-890-5480 |
| | San Diego/Chula Vista | 660 Bay Blvd, Suite 201, Chula Vista, CA 91910-5200 | 619-409-8901 |
| | San Diego/La Mesa | 7777 Alvarado Road, Suite 401, La Mesa, CA 91942 | 619-469-4996 |
| | Santa Ana | 1300 North Main Street, Santa Ana, CA 92701 | 714-550-5201 |
| **Colorado:** | Denver | 7301 North Federal Boulevard, Westminster, CO 80030 | 303-244-5225 |
| **District of Columbia:** | Washington, DC | 1350 I Street NW, Washington, DC 20005 | 202-216-8189 |
| **Florida:** | Aventura | 20803 Biscayne Boulevard, Aventura, FL 33180 | 305-682-3018 |
| | Boynton Beach | 555 N. Congress Avenue, Suite 206, Boynton Beach, FL 33426 | 561-738-2550 |
| | Ft. Myers | 8660 College Parkway, Ft. Myers, FL 33919 | 239-432-1110 |
| | Hialeah | 2387 West 68th St., 4th Floor, Hialeah, FL 33014 | 305-818-2471 |
| | Kissimmee | 100 E. Dakin Ave, Suite 100, Kissimmee, FL 34741 | 407-931-3058 |
| | Miami | 10301 South Dixie Highway, Miami, FL 33156 | 305-669-8025 |
| | Orlando | 4700 Millenia Boulevard, Suite 250, Orlando, FL 32839 | 407-248-3945 |
| | Palm Beach Gardens | 3399 PGA Blvd, Suite 120, Palm Beach Gardens, FL 33410 | 561-775-7121 |
| | Riverview | 4017 Crescent Park Dr., Riverview, FL 33568 | 813-623-6013 |
| | Sunrise | 13450 West Sunrise Blvd, Suite 250, Sunrise, FL 33323 | 954-846-8817 |
| | Tampa | 4919 Memorial Highway, Suite 100, Tampa, FL 33634 | 813-880-6400 |
| **Georgia:** | Atlanta | 900 Circle 75 Parkway, Suite 760, Atlanta, GA 30339 | 770-690-2800 |
| | Stockbridge | 245 Country Club Drive, Suite B, Building 300, Stockbridge, GA 30281 | 770-474-4186 |
| **Illinois:** | Melrose Park | 1836 North Broadway, Melrose Park, IL 60160 | 708-450-3702 |
| | North Chicago | 5813 North Milwaukee Ave., 2nd Floor, Chicago, IL 60646 | 773-594-7670 |
| | South Chicago | 4730 West 79th Street, Chicago, Il 60652 | 773-284-5854 |
| **Michigan:** | Detroit | 611 Woodward Avenue, Detroit, MI 48226 | 313-256-8527 |
| | Troy | 1235 East Big Beaver Road, Troy, MI 48083 | 248-526-7703 |
| **New Jersey:** | Jersey City | 575 Washington Boulevard, 14th Floor, Jersey City, NJ 07310 | 201-595-7355 |
| | Paramus | 115 West Century Road, Paramus, NJ 07652 | 201-225-3980 |
| **Nevada:** | Henderson | 1441 W. Warm Springs Rd., Henderson, NV 89014 | 702-558-5446 |
| | Las Vegas | 500 North Rainbow Boulevard, Suite 120, Las Vegas, NV 89107 | 702-259-7171 |
| **New York:** | Bronx | 1480 East Avenue, Bronx, NY 10462 | 718-678-8880 |
| | Brooklyn | 4 Chase Metrotech Center, Brooklyn, NY 11245 | 718-242-2500 |
| | Flushing | 176-60 Union Turnpike, Flushing, NY 11366 | 718-286-5190 |
| | Manhattan | 530 Fifth Avenue, 8th Floor, New York, NY 10036 | 718-286-5190 |
| **Ohio:** | Cleveland | 1500 West 3rd Street, 3rd Floor, Cleveland, OH 44113 | 216-802-4128 |
| **Pennsylvania:** | Media / Philadelphia | 1055 East Baltimore Pike, Media, PA 19063 | 610-892-6620 |
| **Texas:** | Dallas | 12750 Merit Drive, Suite 104, Dallas, TX 75251 | 972-455-1555 |
| | Houston | 11550 Fuqua Street, Suite 125, Houston, TX 77034 | 281-936-2601 |
| **Virginia:** | Dulles | 45025 Aviation Dr. Suite 110, Dulles, VA 20166 | 703-996-1435 |
| **Washington:** | Seattle/Tukwila | 16400 Southcenter Parkway, Suite 200, Tukwila, WA 98188 | 206-575-2954 |

V2 6-2-10

# CHASE HOMEOWNERSHIP CENTER LOCATIONS

| | | | |
|---|---|---|---|
| **Arizona:** | Phoenix | 2501 West Dunlap Avenue, Suite 160, Phoenix, AZ 85021 | **602-943-7013** |
| | Tempe | 444 West Broadway Road, Suite B, Tempe, AZ 85282 | **480-966-3101** |
| **California (Northern):** | Oakland | 5050 Broadway, Oakland, CA 94611 | **510-420-2366** |
| | Sacramento | 1950 Arden Way, 2nd Floor, Sacramento, CA 95815 | **916-567-5340** |
| | Santa Clara | 2915 Stevens Creek Boulevard, Santa Clara, CA 95050 | **408-423-5300** |
| | Stockton | 400 East Main Street, Stockton, CA 95290 | **209-460-2450** |
| | Walnut Creek | 1390 S. Main Street, Walnut Creek, CA 94596 | **925-256-4810** |
| **California (Southern):** | Downey | 8255 Firestone Boulevard, Suite 401, Downey, CA 90241 | **562-861-5210** |
| | Glendale | 400 North Brand Boulevard, Suite 120, Glendale, CA 91203 | **818-548-2280** |
| | Lakewood | 5059 Lakewood Blvd, Lakewood, CA 90712 | **562-663-3770** |
| | Los Angeles | 4401 Crenshaw Blvd. Suite 101, Los Angeles, CA 90043 | **323-290-6201** |
| | Northridge | 9055 Reseda Blvd., 2nd Floor, Northridge, CA 91324 | **818-773-5160** |
| | Rancho Cucamonga | 8599 Haven Avenue, Suite 303, Rancho Cucamonga, CA 91730 | **909-484-2356** |
| | Riverside | 3400 Central Avenue Suites 205 and 210 , Riverside, CA 92506 | **951 782-0577** |
| | San Bernardino | 325 W Hospitality Lane, Suite 112, San Bernardino, CA 92408 | **909-890-5480** |
| | San Diego/Chula Vista | 660 Bay Blvd, Suite 201, Chula Vista, CA 91910-5200 | **619-409-8901** |
| | San Diego/La Mesa | 7777 Alvarado Road, Suite 401, La Mesa, CA 91942 | **619-469-4996** |
| | Santa Ana | 1300 North Main Street, Santa Ana, CA 92701 | **714-550-5201** |
| **Colorado:** | Denver | 7301 North Federal Boulevard, Westminster, CO 80030 | **303-244-5225** |
| **District of Columbia:** | Washington, DC | 1350 I Street NW, Washington, DC 20005 | **202-216-8189** |
| **Florida:** | Aventura | 20803 Biscayne Boulevard, Aventura, FL 33180 | **305-682-3018** |
| | Boynton Beach | 555 N. Congress Avenue, Suite 206, Boynton Beach, FL 33426 | **561-738-2550** |
| | Ft. Myers | 8660 College Parkway, Ft. Myers, FL 33919 | **239-432-1110** |
| | Hialeah | 2387 West 68th St., 4th Floor, Hialeah, FL 33014 | **305-818-2471** |
| | Kissimmee | 100 E. Dakin Ave, Suite 100, Kissimmee, FL 34741 | **407-931-3058** |
| | Miami | 10301 South Dixie Highway, Miami, FL 33156 | **305-669-8025** |
| | Orlando | 4700 Millenia Boulevard, Suite 250, Orlando, FL 32839 | **407-248-3945** |
| | Palm Beach Gardens | 3399 PGA Blvd, Suite 120, Palm Beach Gardens, FL 33410 | **561-775-7121** |
| | Riverview | 4017 Crescent Park Dr., Riverview, FL 33568 | **813-623-6013** |
| | Sunrise | 13450 West Sunrise Blvd, Suite 250, Sunrise, FL 33323 | **954-846-8817** |
| | Tampa | 4919 Memorial Highway, Suite 100, Tampa, FL 33634 | **813-880-6400** |
| **Georgia:** | Atlanta | 900 Circle 75 Parkway, Suite 760, Atlanta, GA 30339 | **770-690-2800** |
| | Stockbridge | 245 Country Club Drive, Suite B, Building 300, Stockbridge, GA 30281 | **770-474-4186** |
| **Illinois:** | Melrose Park | 1836 North Broadway, Melrose Park, IL 60160 | **708-450-3702** |
| | North Chicago | 5813 North Milwaukee Ave., 2nd Floor, Chicago, IL 60646 | **773-594-7670** |
| | South Chicago | 4730 West 79th Street, Chicago, Il 60652 | **773-284-5854** |
| **Michigan:** | Detroit | 611 Woodward Avenue, Detroit, MI 48226 | **313-256-8527** |
| | Troy | 1235 East Big Beaver Road, Troy, MI 48083 | **248-526-7703** |
| **New Jersey:** | Jersey City | 575 Washington Boulevard, 14th Floor, Jersey City, NJ 07310 | **201-595-7355** |
| | Paramus | 115 West Century Road, Paramus, NJ 07652 | **201-225-3980** |
| **Nevada:** | Henderson | 1441 W. Warm Springs Rd., Henderson, NV 89014 | **702-558-5446** |
| | Las Vegas | 500 North Rainbow Boulevard, Suite 120, Las Vegas, NV 89107 | **702-259-7171** |
| **New York:** | Bronx | 1480 East Avenue, Bronx, NY 10462 | **718-678-8880** |
| | Brooklyn | 4 Chase Metrotech Center, Brooklyn, NY 11245 | **718-242-2500** |
| | Flushing | 176-60 Union Turnpike, Flushing, NY 11366 | **718-286-5190** |
| | Manhattan | 530 Fifth Avenue, 8th Floor, New York, NY 10036 | **718-286-5190** |
| **Ohio:** | Cleveland | 1500 West 3rd Street, 3rd Floor, Cleveland, OH 44113 | **216-802-4128** |
| **Pennsylvania:** | Media / Philadelphia | 1055 East Baltimore Pike, Media, PA 19063 | **610-892-6620** |
| **Texas:** | Dallas | 12750 Merit Drive, Suite 104, Dallas, TX 75251 | **972-455-1555** |
| | Houston | 11550 Fuqua Street, Suite 125, Houston, TX 77034 | **281-936-2601** |
| **Virginia:** | Dulles | 45025 Aviation Dr. Suite 110, Dulles, VA 20166 | **703-996-1435** |
| **Washington:** | Seattle/Tukwila | 16400 Southcenter Parkway, Suite 200, Tukwila, WA 98188 | **206-575-2954** |

V2 6-2-10

**EXHIBIT "D"**

Trustee's Deed Upon Sale

1 | Page

Recording requested by:

When recorded mail to:

Ocwen Loan Servicing, LLC
1575 Palm Beach Lakes
West Palm Beach, FL 33401

Forward tax statements to the address given above

TS No.: **CA-10-343646-RM**
Order No.: **4381796**
A.P.N. No.: **0230-291-69-0-000**



**Recorded in Official Records, County of San Bernardino** 10/26/2012
8:00 AM
SG

**DENNIS DRAEGER**
ASSESSOR – RECORDER – CLERK

691 First American

Doc#: **2012-0444494**   Titles: 1   Pages: 2



| | |
|---|---|
| Fees | 18.00 |
| Taxes | 0.00 |
| Other | 0.00 |
| PAID | $18.00 |

Space above this line for recorders use

# Trustee's Deed Upon Sale

Transfer Tax: $0.00

The undersigned grantor declares:
The grantee herein **IS** the foreclosing beneficiary.
The amount of the unpaid debt together with costs was: **$212,519.69**
The amount paid by the grantee at the trustee sale was: **$212,519.69**
Said property is in the City of: **FONTANA**, County of **SAN BERNARDINO**

**RECORDING REQUESTED BY**
**FIRST AMERICAN TITLE COMPANY**
**AS AN ACCOMMODATION ONLY**

**QUALITY LOAN SERVICE CORPORATION** , as Trustee, (whereas so designated in the Deed of Trust hereunder more particularly described or as duly appointed Trustee) does hereby **GRANT** and **CONVEY** to

**Deutsche Bank National Trust Company, as Trustee for  Morgan Stanley ABS Capital I Inc. Trust 2003-HE3, Mortgage Pass-Through Certificates, Series 2003-HE3**

(herein called Grantee) but without covenant or warranty, expressed or implied, all right title and interest conveyed to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of  SAN BERNARDINO, State of **California**, described as follows:

**LOT 69 OF TRACT 15664, IN THE COUNTY OF SAN BERNARDINO, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 261 PAGES 66, 67 AND 68 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, EXCEPTING THEREFROM ALL OIL, GAS, MINERALS AND OTHER HYDROCARBON SUBSTANCES BELOW A DEPTH OF 500 FEET, WITHOUT RIGHTS OF SURFACE ENTRY, AS RESERVED IN INSTRUMENTS OF RECORD.**

This conveyance is made in compliance with the terms and provisions of the  Deed of Trust executed by
**PATRICIA GARCIA AND GONZALO GARCIA, WIFE AND HUSBAND AS JOINT TENANTS**, as trustor, dated **6/24/2003**,  and recorded on  **7/8/2003** as instrument number 2003-0494818, in Book xxx, Page xxx,   of Official Records in the office of the Recorder of  SAN BERNARDINO, California, under the authority and powers vested in the Trustee designated in the Deed of Trust or as the duly appointed trustee, default having occurred under

When recorded mail to:
Ocwen Loan Servicing, LLC
1575 Palm Beach Lakes
West Palm Beach, FL 33401

Mail Tax statements to:
Ocwen Loan Servicing, LLC
1575 Palm Beach Lakes
West Palm Beach, FL 33401

Branch :FTL,User :TZ05          Comment:          Station Id :BK74
Case 5:12-cv-01770-JAK-DTB Document 10 Filed 03/25/13 Page 47 of 49 Page ID #:502
Case 5:12-cv-01770-JAK-DTB Document 10 Filed 11/14/12 Page 40 of 47 Page ID #:255

Trustee's Deed Upon Sale
2 | P a g e
the Deed of Trust pursuant to the Notice of Breach and Election to Sell under the Deed of Trust recorded on
**3/4/2010**, instrument no **2010-0085320**, Book , Page , of Official records. Trustee having complied with all
applicable statutory requirements of the State of California and performed all duties required by the Deed of Trust
including sending a Notice of Default and Election to Sell within ten/thirty days after its recording and a Notice of
Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to each person entitled to notice in
compliance with California Civil Code 2924b

Default occurred as set forth in a Notice of Breach and Election to Sell which was recorded in the office of the
Recorder of said County.

All requirements of law regarding the mailing of copies of notices or the publication of a copy of the Notice of
Breach and Election to Sell or the personal delivery of the copy of the Notice of Breach and Election to Sell and the
posting and publication of copies of the Notice of Sale have been complied with.

Said property was sold by said Trustee at public auction on **10/18/2012** at the place named in the Notice of Sale, in
the County of **SAN BERNARDINO**, California, in which the property is situated. Grantee, being the highest bidder
at such sale, became the purchaser of said property and paid therefore to said trustee the amount being **$212,519.69**
in lawful money of the United States, or by the satisfaction, pro tanto, of the obligations then secured by said Deed of
Trust.

Date:                                              **QUALITY LOAN SERVICE CORPORATION**

OCT 24 2012

                                                   By: Karla Sanchez, Assistant Secretary

State of: <u>California</u>)
County of: <u>San Diego</u>)

On 10.24.12 before me, __Michele A. Kittinger_____a notary public, personally
appeared **Karla Sanchez**, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of **California** that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

MICHELE A. KITTINGER
COMM. #1850324
NOTARY PUBLIC-CALIFORNIA
SAN DIEGO COUNTY
My Commission Expires
MAY 22, 2013

THIS OFFICE IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE
USED FOR THAT PURPOSE.

When recorded mail to:                          Mail Tax statements to:
Ocwen Loan Servicing, LLC                       Ocwen Loan Servicing, LLC
1575 Palm Beach Lakes                           1575 Palm Beach Lakes
West Palm Beach, FL 33401                        West Palm Beach, FL 33401

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### PROOF OF SERVICE
### U.S. DISTRICT COURT, CENTRAL DISTRICT CASE
### <u>Garcia et al  v. Ocwen Loan Servicing LLC et al.</u> – Case No. 5:12-cv-01770-JAK-DTB

     I am an employee in Los Angeles County, State of California.  I am over the age of 18 and not a party to the within action. My business address is 11500 W. Olympic Blvd., Suite 400, Los Angeles, California 90064.  On February 7, 2013, I served the foregoing documents described as **VERIFIED FIRST AMENDED COMPLAINT** on the interested parties in said action:

SEE ATTACHED SERVICE LIST

☐    **BY MAIL** as follows:

☐    **BY PERSONAL SERVICE** as follows:  I delivered such envelope by hand to the office of the addressee.

☑    **BY ELECTRONIC ACCESS** Pursuant to Electronic Filing Court Order, I hereby certify that the above document(s) was uploaded to the Central District Court website and will be posted on the website by the close of the next business day and the webmaster will give e-mail notification to all parties.

☐    **STATE**:  I declare under penalty of perjury under the laws of the State of California that the above  is true and correct.

☑    **FEDERAL**:  I declare that I am employed in the office of a member of the state bar of this court        at whose direction the service was made.

**DATED**:  March 21, 2013

                        _____
                        Yelena Katchko

1

## SERVICE LIST
## U.S. DISTRICT COURT, CENTRAL DISTRICT CASE NO. 5:12-cv-01770-JAK-DTB
### Garcia et al  v. Ocwen Loan Servicing LLC et al.

| | |
|---|---|
| ERIC D. HOUSER<br>JOSHUA A. SMISKO<br>HOUSER & ALLISON<br>9970 Research Drive<br>Irvine, California 92618<br><br>jsmisko@houser-law.com | Counsel for Defendant:<br><br>OCWEN LOAN SERVICING LLC |
| DAVID D. PIPER,<br>TYSON W. KOVASH<br>KEESAL, YOUNG & LOGAN<br>400 Oceangate, P.O. Box 1730<br>Long Beach, California 90801-1730<br><br>david.piper@kyl.com<br>tyson.kovash@kyl.com | Counsel for Defendants:<br><br>JP MORGAN CHASE BANK, N.A.; CHASE HOME FINANCE, LLC. |

2
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28